UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LINDSAY BONUS,

                Plaintiff

vs.

CURA HOSPITALITY, LLC,

                Defendant.

**COMPLAINT**

Civil Action No._____

---

Plaintiff, LINDSEY BONUS, by and through her attorneys, The Tarantino Law Firm, LLP, as and for her Complaint against Defendant alleges as follows:

### JURISDICTION AND VENUE

1. This is an action brought by Plaintiff to recover damages due to Defendant's violation of Title VII of the Civil Rights Act if 1964 and the New York State Human Rights Law. The matter in controversy arises under an act of Congress regulating commerce and relating to sex discrimination and retaliation and exceeds the sum and value of $75,000.

2. Money damages, including back pay, front pay, compensatory damages and other appropriate legal relief are sought pursuant to said statutes.

3. The venue of this action is properly placed in the Western District of New York pursuant to § 706(f)(3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391. Plaintiff resides in this district. Defendants are doing business in this district, and a substantial part of the events giving rise to plaintiff's claim occurred in this district.

### PARTIES

4. At all times hereinafter mentioned, Plaintiff was and continues to be a citizen of

the United States resident of the County of Erie and State of New York. Plaintiff was employed by the Defendant as a cook.

5. At all relevant times, Plaintiff was an employee as defined in 42 U.S.C. §2000(e)(f), 29 U.S.C.A. § 203 and New York State Human Rights Law, Executive Law § 290 *et seq.*

6. Upon information and belief, Defendant, CURA HOSPITALITY, LLC, is a foreign limited liability corporation incorporated under the laws of Delaware and authorized to do business in the state of New York.

7. At all relevant times, Defendant, CURA HOSPITALITY, LLC, was and still an Employer as defined in 42 U.S.C. § 2000(e) (b), 29 U.S.C.A. § 203 and the New York State Human Rights Law, Executive Law § 290 *et seq.*

## CONDITIONS PRECEDENT TO ACTION

8. Plaintiff timely filed a charge of employment discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on or about November 2, 2016. The Charge was cross-filed with the New York State Division of Human Rights ("NYSDHR").

9. Plaintiff received her Notice of Right to Sue from the EEOC on or about October 5, 2017. A copy of the Notice of Right to Sue is attached hereto as Exhibit "A."

10. Plaintiff has exhausted her administrative requirements and this Complaint is timely.

## STATEMENT OF CASE

11. Plaintiff's employment with Defendant began on May 16, 2016.

12. Plaintiff was assigned to Sister of St. Francis as a cook. Defendant provides dining services at the Sisters of St. Francis located in the Village of Williamsville, State of New York.

13. Plaintiff's supervisor was James Sick, who was a kitchen manager at Sisters of St. Francis.

14. From the time Plaintiff began working with Mr. Sick, she was subjected to repeated sexual harassment, evidenced by several inappropriate and lewd comments.

15. Mr. Sick made repeated comments to Plaintiff referencing his genitals, Plaintiff's genitals, and other people's genitals.

16. Mr. Sick made repeated comments to Plaintiff referencing sexual activity between himself and Plaintiff, and comments referencing sexual activity between the Plaintiff and others.

17. Mr. Sick made repeated inappropriate and derogatory comments to Plaintiff and others relative to race and ethnicity.

18. Several of the comments made to Plaintiff by Mr. Sick were witnessed by Plaintiff's co-workers.

19. One such co-worker, Latoya Carter, witnessed at least three occasions of sexual harassment of the Plaintiff by Mr. Sick. On one occasion, Mr. Sick inflated a garbage bag and referred to it as a condom. On another occasion, Ms. Carter witnessed Mr. Sick refer to the Plaintiff's genitals in response to Plaintiff discussing her pet cat. Finally, Ms. Carter witnessed Mr. Sick discussing the word cous-cous with Plaintiff, informing Plaintiff that the word sounded like a euphemism for Plaintiff's genitals.

20. Upon information and belief, Mr. Sick has been accused of sexual harassment in the past, while serving in his capacity as Kitchen Manager for Defendant. Specifically, upon information and belief, a former employee of Defendant, by the name of Ashley, complained of Mr. Sick sexually harassing her.

21. Another co-worker of Plaintiff, Ms. Dixon, witnessed at least one occasion of sexual harassment and at least one occasion of a racism. On one occasion, Ms. Dixon witnessed Mr. Sick make a comment to Plaintiff regarding being "lesbian or gay". On another occasion, Ms. Dixon heard Mr. Sick state, "watch out, Black woman coming through with a knife."

22. In addition to the many sexually offensive and racist statements uttered by Mr. Sick while at work, Mr. Sick has publically posted multiple misogynistic, sexually offensive and racist statements on his Facebook account.

23. Some of the racist, sexually offensive and misogynistic comments on Mr. Sick's Facebook page include the following:

"I find it ironic that strap-on is no parts spelled backwards"

"What do you get when you insert human DNA into a goat? Banned from the petting zoo."

"If the cup is only half full, I suggest buying a smaller bra."

"A friend asked me where do you stand on gay sex? I replied, "Right behind the guy, I suppose."

"Question: which came first, Internet porn or clear all search history."

"Kate Gosselin says she's scared for her future now that her show is cancelled. You've got eight Asian kids. Open a Nike factory."

"You know you've got a problem when every letter of the alphabet triggers a porn website in your address bar."

"Wow. The sex was so good even the neighbors had a cigarette."

"Overdosed on Viagra. His wife took it very hard."

24. In addition to the above racist, sexually offensive and misogynistic comments on

4

Mr. Sick's Facebook page, Mr. Sick has posted a number of racist, sexually offensive and misogynistic images on Facebook.

25. Plaintiff repeatedly asked Mr. Sick to refrain from making sexually harassing comments to her.

26. Plaintiff informed Mr. Sick that if he did not stop sexually harassing her, she would report him to Human Resources.

27. Mr. Sick continued to sexually harass the Plaintiff.

28. All of the above referenced racist, sexually offensive, sexually harassing and misogynistic comments, posts and images made the Plaintiff very uncomfortable in Defendant's work environment.

29. All of the above referenced actions occurred

30. In light of the sexually harassing and offensive comments that she continually endured, Plaintiff had a third party, her roommate and coworker, call Mr. Sick on the morning of May 23, 2016, prior to her scheduled shift, to inform him that she was not comfortable coming in to work due to his relentless sexual harassment of the Plaintiff in the weeks prior.

31. Immediately thereafter, at approximately 10:00 a.m., the Plaintiff called Defendant's Human Resources Department to report the sexual harassment she endured and her absence as a result of the harassment.

32. The Human Resources Department did not answer and the Plaintiff left a voicemail detailing the reason for her call and absence.

33. Approximately an hour after Plaintiff called Human Resources, and twenty nine

minutes after her shift was scheduled to begin, she received a phone call from Mr. Sick, terminating her employment with the Defendant.

34. Mr. Sick left the Plaintiff a voicemail during which he acknowledged receiving a phone call regarding the Plaintiff's absence earlier that morning.

35. In his voicemail, Mr. Sick he stated that he was aware of the Plaintiff's "issues" regarding his inappropriate sexual remarks and that he was aware that Plaintiff was "not happy."

36. Despite the fact that the Plaintiff During provided notice and a purpose for her failure to show up to work on May 23, 2016, Mr. Sick terminated the Plaintiff's employment with Defendant for being a "no-call, no show."

37. On May 25, 2016, Plaintiff sent a follow-up email to Defendant's Human Resources department complaining of the "nonstop sexual harassment" she endured during the entire first week of her employment. Plaintiff requested that she be placed on leave during an investigation into the harassment.

38. On May 25, 2016, a member of the Human Resources department, Ms. Denn, responded to Plaintiff's email. Ms. Denn acknowledged receiving Plaintiff's earlier voicemail complaining of sexual harassment. Ms. Denn informed Plaintiff she received contact information for the witnesses that the Plaintiff provided and was opening an investigation into Plaintiff's complaints.

39. Plaintiff received a phone call from Defendant informing her that the investigation was closed.

40. Upon information and belief, Defendant never contacted any of Plaintiff's witnesses during its purported investigation.

6

41. In August 2016, after Defendant was contacted by counsel for Plaintiff, Defendant reopened its investigation.

42. Upon information and belief, during its second investigation, Defendant spoke to at least one of Plaintiff's witnesses, who corroborated Plaintiff's accounts of harassment.

43. Upon information and belief, Defendant failed to take any corrective action against Mr. Sick, and failed to restore Plaintiff to her position, despite the corroboration of Plaintiff's complaints of harassment.

## AS AND FOR A FIRST CAUSE OF ACTION

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "43" as though fully set forth herein.

45. Throughout her time as an employee of Defendant, CURA HOSPITALITY, LLC, Plaintiff was subjected to different terms and conditions of employment due to her sex.

46. Plaintiff has been subjected to sexual discrimination by Defendant, its agents, servants, and/or employees.

47. The effect of the policies and practices pursued by the Defendant as alleged above limited, classified, and discriminated against the Plaintiff in ways which resulted in the loss of her job and deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her sex in violation of 42 U.S.C. § 2000e *et seq.*

48. Defendant knew or in the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

49. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant discriminated against Plaintiff with respect to her compensation, terms, conditions, and privileges of employment constituting unlawful sex discrimination in violation of § 703(a) of Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5.

50. Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

51. As a direct and proximate result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

52. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

53. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

54. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A SECOND CAUSE OF ACTION

55. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "54" as though fully set forth herein.

56. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1367(a).

57. Defendant, its agents, servants, and/or employees treated Plaintiff adversely because of her sex and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

58. Defendant discriminated against Plaintiff with respect to compensation, terms, conditions, and privileges of employment because of her sex in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

59. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

60. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

61. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

62. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

63. Plaintiff demands a jury trial as to all issues so triable.

## AS AND FOR A THIRD CAUSE OF ACTION

64. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "63" as though fully set forth herein.

65. As a result of these sexually offensive acts, including but not limited to those described above, Defendant, its agents, servants, and/or employees, created a hostile working environment in which Plaintiff was intimidated, harassed, and undermined in her attempts to succeed.

66. Throughout Plaintiff's employment with Defendant, Plaintiff brought the above described unlawful conduct to the attention of several human resources personnel.

67. As a result, Defendant knew or through the exercise of reasonable diligence should have known of the wrongful and unlawful actions, conduct, and omissions of its agents, servants, and/or employees and took no remedial action.

68. The effects of this hostile working environment were so severe and pervasive that it affected the terms, conditions, and privileges of the Plaintiff's employment, constituting unlawful sexual harassment in violation of § 703(a) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-2(a), thereby entitling Plaintiff to relief under the provisions of § 706 of Title VII Of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(g).

69. Defendant's wrongful acts, conduct, and omissions were intentional and wanton and done with malice and/or a reckless indifference to Plaintiff's rights and feelings in violation of § 102(a) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages, and employee benefits, lost employment opportunities, mental anguish, emotional distress, and embarrassment. Plaintiff is thereby entitled to an award of compensatory, punitive, and/or exemplary damages.

70. As a direct and proximate result of the Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

71. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The injunctive and other relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

72. Pursuant to § 706(k), 42 U.S.C. § 2000 e-5(k) of Title VII of the Civil Rights Act Of 1964, as amended, Plaintiff is entitled to reasonable costs and attorneys' fees.

73. Pursuant to § 102(c) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(c), Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A FOURTH CAUSE OF ACTION**

74. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "73" as though fully set forth herein.

75. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1367(a).

76. During the course of Plaintiff's employment, Defendant, its agents, servants, and/or employees subjected Plaintiff to unwelcome comments, insults and other sexually offensive conduct thus creating a hostile work environment and engaged in a knowing, intentional, willful, and voluntary course of wrongful discriminatory conduct in violation of the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

77. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights under the Human Rights Law of the State of New York.

78. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Plaintiff incurred damages, including but not limited to lost back and future wages and employee benefits, lost employment opportunities, mental anguish, severe emotional distress, and embarrassment.

79. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3,000,000.

80. Plaintiff has no plain, adequate, or complete remedy at law to correct Defendant's employment practices. The relief she seeks is her only means of securing full relief from those practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

81. Plaintiff demands a jury trial as to all issues so triable.

### AS AND FOR A FIFTH CAUSE OF ACTION

82. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "81" as though fully set forth herein.

83. Defendant's acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's engaging and participating in protected activity and by opposing an employment practice made unlawful by Title VII.

84. Defendant's acts and/or omissions were intentional, willful, reckless, and discriminatory in nature and were directly motivated by Plaintiff's close association with an individual who exercised her rights under 42 U.S.C. §2000(e) et seq.

85. Defendant has discriminated and otherwise retaliated against Plaintiff because Plaintiff engaged and participated in protected activity and by opposing an employment practice made unlawful by Title VII and because Plaintiff encouraged or assisted an individual who opposed Defendant's unlawful acts and/or practices in violation of 42 U.S.C. § 2000e-3.

86. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3 million.

87. Plaintiff demands a jury trial as to all issues so triable.

**AS AND FOR A SIXTH CAUSE OF ACTION**

88. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "87" as though fully set forth herein.

89. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1367(a).

90. During the course of Plaintiff's employment, Defendant retaliated or discriminated against Plaintiff because Plaintiff opposed Defendant's unlawful practices and/or because Plaintiff filed a complaint and/or assisted in a proceeding under the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

91. During the course of Plaintiff's employment, Defendant retaliated or discriminated against Plaintiff because Plaintiff has a close associational relationship with an individual who opposed Defendant's unlawful practices and/or because Plaintiff filed a complaint and/or assisted in a proceeding under the Human Rights Law of the State of New York, Executive Law § 290 *et seq.*

92. As a result of Defendant's actions, conduct, and omissions, including but not limited to those described above, Defendant retaliated against Plaintiff because of his race in violation of the Human Rights Law of the State of New York, Executive Law § 297.

93. Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, were willful and wanton and done with a reckless disregard of Plaintiff's rights.

94. As a result of Defendant's actions, conduct, and omissions, including but not limited to, those described above, Plaintiff incurred damages including but not limited to, lost wages and employee benefits, lost employment opportunities, mental anguish and embarrassment.

95. As a result of Defendant's wrongful acts, conduct, and omissions, including but not limited to those described above, Plaintiff has been damaged in the amount of $3 million.

96. Plaintiff demands a jury trial as to all issues so triable.

**WHEREFORE,** Plaintiff prays to this Court for the following:

1. For the First, Third, and Fifth Causes of Action, Plaintiff demands judgment against Defendant CURA HOSPITALITY, LLC, as follows:

    a. For recovery of $3,000,000 against Defendant as actual damages for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension,

social security, and other past and future benefits, mental anguish, emotional distress, and embarrassment in an equal amount as liquidated damages, and compensatory damages and for punitive damages together with interest as a result of Defendant's discrimination against Plaintiff;

    b.    For the recovery of costs and counsel fees as provided by statute;

    c.    For trial by jury on all triable issues; and

    d.    For such other and further relief as the Court may deem just, fit, and proper.

2.    On the Second, Fourth and Sixth Causes of Action, Plaintiff demands judgment against Defendant CURA HOSPITALITY, LLC, as follows:

    a.    For the recovery of $3,000,000 against Defendant as actual damage for loss of revenue, including back pay, front pay, reimbursement for lost pension, loss of future pension, social security, and other past and future benefits, mental anguish, emotional distress and embarrassment in an equal amount as liquidated damages, and compensatory damages, together with interest as a result of Defendant's discrimination against Plaintiff;

    b.    For trial by jury on all triable issues; and

    c.    For such other and further relief as the Court may deem just, fit, and proper.

Dated:    Buffalo, New York
             January 3, 2017

*s/ Kevin P. Wicka*
Kevin P. Wicka, Esq.
THE TARANTINO LAW FIRM, LLP
Attorneys for Plaintiff
1500 Rand Building
14 Lafayette Square
Buffalo, New York 14203
Telephone: (716) 849-6500
kwicka@tarantinolaw.com

15